UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LUIS CALDERON,<br><br>                Petitioner,<br>    v.<br><br>KRISTI NOEM, et al.,<br><br>                Respondents. | Case No. 2:25-cv-02136-LK-TLF<br><br>ORDER GRANTING IN PART PETITIONER'S ORDER TO SHOW CAUSE, SETTING BRIEFING SCHEDULE, AND GIVING NOTICE OF RIGHT TO CONSENT |

Petitioner, by counsel, filed a 28 U.S.C. § 2241 petition for writ of habeas corpus. Dkt. 1.

1. The Court retains the discretion to determine when an answer or response to a § 2241 habeas petition is due. *See, e.g., Clutchette v. Rushen*, 770 F.2d 1469, 1474–75 (9th Cir. 1985) (pursuant to Habeas Corpus Rule 4, the federal court has discretion to fix a time to file an answer beyond the time periods set forth in 28 U.S.C. § 2243). A court considering a habeas corpus petition must "forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted." 28 U.S.C. § 2243 (emphasis added).The Court examines the allegations and circumstances of each case in determining the due date of a response.

2. As to the claims asserted here, the Court finds there is a basis for an expedited briefing schedule.

Petitioner states he entered the United States in 2002, and was apprehended in 2008, placed in removal proceedings, and released by the Department of Homeland Security on bond. He was subsequently re-detained in 2012 and released on bond. In April 2025, petitioner was re-detained. He alleges Respondents did not provide him with any written notice explaining the basis of the revocation of his release or provide him with a hearing before a neutral decisionmaker. Petitioner argues his constitutional right to due process has been violated. Dkt. 1.

Petitioner filed a Motion for Order to Show Cause requesting the Court to issue an order directing Respondents to show cause within three days why the writ of habeas corpus should not be granted. Dkt. 2. Respondents state they will be unable to obtain the necessary records or confer with the necessary agencies in three days. Dkt. 4. In light of petitioner being detained since April 2025, and because this habeas corpus petitioner is detained in a civil matter, seeking relief under 28 U.S.C. § 2241, the Court concludes that expedited briefing is merited, but the Court also finds that Respondents should have more than three days to file their return.

4. Accordingly, the Court ORDERS: Petitioner's Motion for Order to Show Cause is granted in part. Respondents shall file a response to the habeas petition by November 10, 2025. Petitioner may file a reply, and it shall be due on November 14, 2025. The Clerk shall note the matter for November 14, 2025, as ready for the Court's consideration.

5. The parties have a right to have the matter heard by a United States District Judge, and may consent to the jurisdiction of a United States Magistrate Judge. 28 U.S.C. § 636 (c)(2), Fed. R. Civ. P. 73(b). Consent is voluntary. *Washington v. Kijakazi,*

72 F.4th 1029, 1036-1040 (9th Cir. 2023). The Magistrate Judge will have jurisdiction only if all parties consent. *Williams v. King,* 875 F.3d 500, 503-504 (9th Cir. 2017).

Counsel for the parties are directed to indicate whether they consent or decline consent **by no later than November 10, 2025,** by emailing Deputy Gayle Riekena at gayle_riekena@wawd.uscourts.gov.

If the parties unanimously consent, the undersigned Magistrate Judge will preside over the entire case through judgment. If any party does not consent to the jurisdiction of the Magistrate Judge, the case will remain assigned to District Judge Lauren King. *See* Western District of Washington Local Civil Rule 73. *See also* General Order 5-25.

Dated this 31st day of October, 2025.

Theresa L. Fricke
United States Magistrate Judge

ORDER GRANTING IN PART PETITIONER'S ORDER
TO SHOW CAUSE, SETTING BRIEFING SCHEDULE,
AND GIVING NOTICE OF RIGHT TO CONSENT - 3