UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LUIS CALDERON,

               Petitioner,

    v.

KRISTI NOEM, et al.,

              Respondents.

Case No. 2:25-cv-02136-LK-TLF

REPORT AND RECOMMENDATION

Noted for December 5, 2025

Petitioner Luis Calderon was re-detained in April 2025 by United States Immigration and Customs Enforcement ("ICE"). Dkt. 1, Petition. On October 29, 2025, petitioner filed a petition for a writ of habeas corpus under 28 U.SC. § 2241. Dkt. 1. His petition argues that his detention is unlawful because it violates his constitutional right to procedural due process. Dkt. 1. The petition requests his release from custody. The undersigned, after reviewing the briefing and declarations submitted by both parties, recommends GRANTING the petition.

## I.    BACKGROUND

Petitioner is a citizen of Peru who entered the United States on or about March 5, 2002, when he was fifteen years old in California. Dkt. 1 at ¶20; Dkt. 8, Declaration of Sheldon A. Benjamin, at ¶4. He was apprehended by the Department of Homeland Security ("DHS") on or about January 2, 2008, and was issued a Notice to Appear, initiating removal proceedings under section 240 of the Immigration and Nationality Act

REPORT AND RECOMMENDATION - 1

1  ("INA"). Dkt. 1 at ¶21; Dkt. 9, Declaration of Michelle R. Lambert, at Exhibit B. Petitioner
2  was released by DHS on a $3,000 bond on the same day. Dkt. 1 at ¶22. He was
3  subsequently re-detained by the DHS on or about August 19, 2012, after he was
4  arrested for public intoxication. Dkt. 8 at ¶12. An immigration judge held a custody
5  redetermination hearing and ordered his release upon payment of a $10,000 bond on
6  September 10, 2012. *Id.* at ¶15.

7        In 2013, petitioner filed an application for Special Rule Cancellation of Removal
8  as a noncitizen who has been battered or subjected to extreme cruelty by a United
9  States citizen or permanent resident spouse or parent, pursuant to section 240A(b)(2) of
10 the INA. *Id.* at ¶16; Dkt. 1 at ¶24. An immigration judge found him ineligible for the
11 requested relief, and he appealed that decision. Dkt. 1 at ¶24. Most recently, the U.S.
12 Court of Appeals for the Ninth Circuit remanded his case to the Board of Immigration
13 Appeals ("BIA") due to its misapplication of relevant state law and failure to follow its
14 own precedent. The appeal remains pending with the BIA. *Id.*

15       Petitioner was re-detained in April 2025 after being arrested for a theft. *Id.* at ¶25;
16 Dkt. 8 at ¶26. He was charged with Grand Theft of Personal Property in Violation of
17 California Penal Code § 487(a), a misdemeanor, on May 7, 2025. Dkt. 8 at ¶26. That
18 charge was dismissed by the Superior Court of California, County of Los Angeles on
19 July 30, 2025. *Id.*

20       On April 17, 2025, ICE issued a warrant for arrest leading to his re-detention
21 pursuant to 8 U.S.C. § 1226. *Id.* at ¶27. Petitioner alleges he did not receive a written
22 notice of the reason for his re-detention and never received a hearing before a neutral
23 decisionmaker to determine if his re-detention was justified. Dkt. 1 at ¶¶26-28.

24
25

REPORT AND RECOMMENDATION - 2

1    Petitioner remains in custody at the Northwest ICE Processing Center in
2    Tacoma, Washington. *Id.* at ¶29.

## II. DISCUSSION

### A. Mandatory Detention Under 8 U.S.C. 1226(c) and The Laken Riley Act

Respondents first contend petitioner's detention is constitutional and statutorily mandated pursuant to 8 U.S.C.1226(c). Petitioner does not dispute that at the time he was detained, he had been charged with a theft crime, thereby mandating his detention. Rather, he disputes that his detention was no longer mandated after his charges were dismissed on July 30, 2025, by the Superior Court of California.

Congress enacted provisions under § 1226(c) of the INA, the Illegal Immigration Reform and Responsibility Act of 1996 ("IIRRA"), based on legislative findings that individuals with certain criminal convictions posed elevated risks of danger to the community and flight; this legislation mandated detention without bond for noncitizens convicted of specific, enumerated crimes, including aggravated felonies, drug trafficking, and crimes involving moral turpitude. *See Demore v. Kim*, 538 U.S. 510, 513 (2003). Section 1226(c) thus "carves out a statutory category of aliens who may *not* be released under § 1226(a)." *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (emphasis in original).

In January 2025, Congress amended § 1226(c) through the Laken Riley Act ("LRA"), to add a new category of noncitizens subject to mandatory detention without bond. Pub. L. No. 119-1, 139 Stat. 3 (2025); 8 U.S.C. § 1226(c)(1)(E). In doing so Congress did not rely on any findings linking criminal charges or arrests for such offenses with higher risks of flight or danger. Under this new provision, detention without

REPORT AND RECOMMENDATION - 3

bond is mandated for any noncitizen who is charged as "inadmissible" as having entered the U.S. without inspection under 8 U.S.C. § 1182(a)(6)(A) and:

> is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person, when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

8 U.S.C. § 1226(c)(1)(E)(i)-(ii).

Other courts have interpreted the LRA's reference to a person who "is charged with" or "is arrested" for a theft-related offense, as a phrase in the present tense, and have held it cannot be read to apply to a person has previously been arrested for and charged with a crime but the charges were dismissed or petitioner was acquitted. *See, e.g., Santiago Helbrum v. Bondi*, No. 4:25-cv-00349-SHL-SBJ, at *1 (S.D. Iowa Sept. 30, 2025) (interpreting § 1226(c)(1)(E) as mandating detention when an alien "is charged with" certain crimes does not apply after charges are dismissed, because "it is no longer accurate to say that a person 'is charged with' theft (present tense)" after those charges are dismissed); *E.C. v. Noem,* No. 2:25-CV-01789-RFB-BNW, 2025 WL 2916264, at *11 (D. Nev. Oct. 14, 2025) ("[T]he plain text of § 1226(c)(1)(E)(ii) can be plausibly read as mandating Petitioner's detention. However, such an interpretation would, as noted, violate Petitioner's due process rights. Therefore, the Court finds that the statutory text's reference to a person who "is charged with" or "is arrested" for a theft-related offense, in the present tense, cannot be read to apply to a person has previously been arrested for and charged with a crime where they have also been acquitted of the crime."); *Liliana Del Cisne Rueda Torres v. laden Francis, et al.*, No. 25

CIV. 8408 (DEH), 2025 WL 3168759, at *5 (S.D.N.Y. Nov. 13, 2025) ("Respondents urge an interpretation that requires mandatory detention following any arrest or charge no matter the ultimate disposition of those charges. Such an interpretation would "make the words 'is convicted of' superfluous," as no Defendant could possibly proceed to a conviction without first being charged."). *See generally*, *Corley v. United States*, 556 U.S. 303, 314 (2009) (citing presumption against superfluous language as one of the "most basic interpretive canons"); *Marx v. Gen. Rev. Corp.*, 568 U.S. 371, 386 (2013) ("[T]he canon against surplusage is strongest when an interpretation would render superfluous another part of the same statutory scheme.").

This Court should also find that the LRA did not require petitioner's mandatory detention after his charges were dismissed because the statute specifically uses the present tense and a person no longer "is charged with" a crime if the charges were resolved via dismissal prior to any admission of guilt.

B. Due Process

Federal courts have authority to grant writs of habeas corpus to an individual in custody if such custody is a "violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). In this case, petitioner contends that his arrest and detention violate the Due Process Clause of the Fifth Amendment to the United States Constitution, which prohibits the federal government from depriving any person of "life, liberty, or property, without due process of law[.]" U.S. CONST. AMEND. V. The right to due process extends to "all 'persons' within the United States, including [non-citizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).

"Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Id.* at 333 (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)). Determining whether an administrative procedure provides the process constitutionally due

> generally requires consideration of three distinct factors: First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Id.* at 335.

In *Rodriguez Diaz v. Garland*, the Ninth Circuit assumed without deciding that Mathews' three-part test applies in "the immigration detention context." 53 F.4th 1189, 1206–07 (9th Cir. 2022). The parties agree that the *Mathews* text applies here (Dkt. 7 at 5; Dkt. 10 at 4), and the Court will consider each *Mathews* factor in turn to determine whether petitioner's arrest and detention comport with constitutional due process requirements.

  1. <u>Petitioner's Liberty Interest</u>

Petitioner's interest in not being detained is "the most elemental of liberty interests[.]" *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004). That petitioner was detained for months and remains in custody undoubtedly deprives him of an established interest in his liberty. Respondents make no individualized argument regarding petitioner's

REPORT AND RECOMMENDATION - 6

private interest. *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) ("Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects."). The Court should find this factor weighs in favor of petitioner.

2. <u>Risk to Petitioner of Erroneous Deprivation of a Protected Interest</u>

The second *Mathews* factor considers whether a particular process results in a risk of erroneous deprivation of a protected interest. The Court agrees with petitioner that the risk of erroneous deprivation of his liberty interest in the absence of a pre-detention hearing is high under the facts of this case.

Respondents argue there is no requirement for a hearing before re-detention after the person is charged with a crime that triggers mandatory detention under the LRA. But petitioner does not claim to be entitled to a hearing consistent with a particular statute: he argues that the Due Process Clause requires it. That the Government may believe it has a valid reason to detain petitioner does not eliminate its obligation to effectuate the detention in a manner that comports with due process. *See Guillermo M.R. v. Kaiser*, __ F. Supp. 3d __, No. 25-cv-05436- RFL, 2025 WL 1983677, at *7 (N.D. Cal. July 17, 2025) (finding "undeniably stark" risk of erroneous deprivation where the Government contends that "notwithstanding a neutral arbiter's determination that Petitioner should be released, ICE is entitled to unilaterally terminate the IJ's order by re-detaining Petitioner without a hearing for at least six months, based on ICE's own determination in its sole discretion that additional conditions of release unilaterally set by ICE had been violated").

REPORT AND RECOMMENDATION - 7

Once a private interest is established, petitioner's interest in liberty is a constitutional right which may only be revoked through methods required by due process, such as a hearing in front of a neutral party to determine whether petitioner's re-detainment is warranted. *See Padilla v. U.S. Immigr. & Customs Enf't*, 704 F. Supp. 3d 1163, 1172 (W.D. Wash. 2023) ("The Supreme Court has consistently held that non-punitive detention violates the Constitution unless it is strictly limited, and, typically, accompanied by a prompt individualized hearing before a neutral decisionmaker to ensure that the imprisonment serves the government's legitimate goals.") (citations omitted). Arresting and re-detaining petitioner without first making an assessment of whether petitioner poses a danger to the community, and the likelihood that he would appear for future hearings, poses a significant risk of an erroneous deprivation of petitioner's liberty interest in continued release.

Thus, the Court should find the second *Mathews* factor weighs in favor of petitioner.

3. The Government's Interest

In the final *Mathews* factor, the Court considers the Government's interest in arresting and detaining petitioner without a hearing. The Government states they have an interest in enforcing the LRA. As discussed above, however, the LRA no longer applied to petitioner once his charges were dismissed. Respondents "identified no legitimate interest that would support the specific detention of Petitioner without a pre-detention hearing." *Ramirez Tesara v. Wamsley,* No. 2:25-CV-01723-MJP-TLF, 2025 WL 2637663, at *4 (W.D. Wash. Sept. 12, 2025) (quoting *Calderon v. Kaiser*, No. 25-CV-06695-AMO, 2025 WL 2430609, at *4 (N.D. Cal. Aug. 22, 2025)). Nor have

REPORT AND RECOMMENDATION - 8

1   Respondents claimed that providing a pre-detention hearing would be an administrative
2   or financial burden. *Id.*
3       The Court should find the third *Mathews* factor weighs in favor of petitioner.
4       Based on this review of the *Mathews* factors, the Court finds that petitioner has a
5   protected liberty interest in his continuing release from custody, and that due process
6   requires that petitioner receive a hearing before an immigration judge before he can be
7   re-detained.

### III.    CONCLUSION

    For these reasons, the Court should GRANT the habeas petition (Dkt. 1), and Order that respondents release petitioner from custody with appropriate conditions. The Court should order that petitioner would only be subject to detention if an immigration court hearing is held (with adequate notice) to determine whether detention is appropriate. A proposed order accompanies this Report and Recommendation.

REPORT AND RECOMMENDATION - 9

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the above time limit, the Clerk shall set this matter for consideration on **December 5, 2025**, as noted in the caption.

Dated this 20th day of November, 2025.

*[signature: Theresa L. Fricke]*

Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 10